THOMPSON, Judge.
Mary Hassler appeals the order of the State Retirement Commission denying her disability retirement benefits. We reverse and remand for further proceedings.
Hassler applied for early retirement benefits pursuant to section 121.091(4), Florida Statutes, which authorizes payment of early retirement benefits if a member of the state retirement system is “totally and permanently disabled.” Section 121.091(4)(b) defines total and permanent disability:
(b) Total and permanent disability. — A member shall be considered totally and permanently disabled if, in the opinion of the administrator, he or she is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.
(Emphasis supplied.)
Hassler is afflicted with myriad medical conditions including heart disease, diabetes, asthma, morbid obesity, degenerative arthritis, and allergies. She has had a myocardial infarction, six heart by-passes, and the partial removal of the sternum. She testified that she could not walk or stand for more than five or ten minutes, and her three treating physicians agreed with this assessment. Her cardiologist recommended “aerobic” exercise for her. That is, he thought she could walk for five or ten minutes at a time without being overcome with exhaustion.
Hassler’s treating physicians also testified that Hassler’s weight, which ranged between 300 pounds and 400 pounds during Hassler’s years of service, contributed to her symptoms and ailments, and the commission denied her request for benefits based on its conclusion that she had not reached “maximum medical improvement.” We find it is not appropriate to try to transplant concepts and definitions such as “maximum medical improvement”[1] from worker’s compensation law into the law governing the state retirement system. As the instant case illustrates, the practice serves to obfuscate the only matter at issue, which is whether Hassler is “totally and permanently disabled ... from rendering useful and efficient service as an officer or employee.”
The commission has determined that Hassler is not at maximum medical improvement, but it has not determined whether she is totally and permanently disabled. We remand for the commission to make that determination. Further, we agree with Has-sler that the commission should not assume that she has the ability to lose enough weight to alleviate her conditions. Rather, the commission should determine whether there is any reasonable probability that Hassler, through a good faith effort, could lose enough weight to alleviate her disabilities and to provide “useful and efficient service.” Because of the passage of time, on remand the parties may present additional evidence. Finally, the fact that Hassler did not provide vocational evidence is no basis for an affir-mance, since the commission did not require her to provide it. See Fla. Admin. Code R. 60R-1.003(4).
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.

. See § 440.02(19), Fla. Stat. (1995).